**FILED**
**Mar 18, 2025**
**07:43 AM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Michelle Hudson | ) Docket No. 2023-02-5326 |
| | ) |
| v. | ) State File No. 119524-2019 |
| | ) |
| Fresenius Medical Care | ) |
| Holdings, LLC, et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Brian K. Addington, Judge | ) |

---

### Affirmed and Certified as Final

---

In this compensation appeal, the employee suffered a compensable injury and entered into a court-approved settlement agreement for payment of her "original award." She later filed a petition for additional disability benefits, asserting that her wages after she was placed at maximum medical improvement were significantly less than her wages prior to the work accident, thereby entitling her to increased benefits. In response, the employer asserted the employee's base rate of pay at the time her initial compensation period ended was higher than her base rate of pay at the time of the injury. Both parties filed competing motions for summary judgment. Following a hearing, the court granted the employer's motion and dismissed the employee's petition for increased benefits, and the employee has appealed. Because the employee has offered no legal argument in support of her position on appeal, we affirm the trial court's order and certify it as final.

Presiding Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Judge Pele I. Godkin and Judge Meredith B. Weaver joined.

David N. Darnell, Kingsport, Tennessee, for the employee-appellant, Michelle Hudson

J. Brent Moore and Christopher L. Davis, Nashville, Tennessee, for the employer-appellee, Fresenius Medical Care Holdings, LLC

### Factual and Procedural Background

Michelle Hudson ("Employee") worked for Fresenius Medical Care Holdings, LLC ("Employer"). On December 7, 2019, Employee suffered a low back injury while

helping move a patient. She received authorized treatment for her low back condition and underwent a fusion surgery at the L3-5 levels of her lumbar spine. She was placed at maximum medical improvement in June 2022 and assigned a permanent medical impairment rating. In February 2023, the parties entered into a settlement agreement reflecting payment of the "original award" as defined in Tennessee Code Annotated section 50-6-207(3)(A). In that agreement, the parties noted that Employee's initial compensation period would expire on June 27, 2023. As to that issue, the agreement stated:

> If, at the expiration of the initial compensation period, Employee has not returned to work with any employer or has returned to work *at a lower rate of pay* than Employee received on the date of [the] injury, Employee may file a Petition for Benefit Determination to determine whether Employee is entitled to increased benefits . . . or extraordinary relief.

(Emphasis added.) On February 2, 2023, the trial court entered an order approving the proposed settlement and incorporating the terms of the agreement into its order.

Prior to the work accident, Employee's average weekly earnings were approximately $2,270.00. According to Employer, this average was significantly impacted by the amount of overtime pay Employee had received in the 52-week period prior to the accident.[1] During the 52-week period *after* she had been placed at maximum medical improvement, the parties agreed her average weekly earnings were $1,475.43. Moreover, according to the wage statement filed by Employer, as of the date of the work accident, Employee was paid at an hourly rate of $34.06. Employee's post-injury hourly rate was $36.41.

On August 4, 2023, Employee filed a petition seeking increased benefits pursuant to Tennessee Code Annotated section 50-6-207(3)(B). In her petition, Employee asserted her "average weekly pay" as of the date of the accident was $2,271.76, whereas "her pay is now averaging $1,530.58 per week." As a result, Employee asserted that she qualified for additional disability benefits because the wages she earned after being placed at maximum medical improvement were lower than the wages she earned prior to the work injury.

Both parties filed motions for summary judgment addressing a purely legal issue: the meaning of the word "wages" as used in Tennessee Code Annotated section 50-6-207(3)(B). Employee asserted that our prior analysis of this issue was flawed because we failed to consider that the word "wage" as interpreted by appellate courts in the context of

---

[1] The record contains a 52-week wage statement that reflects, by pay period, the amount of "overtime or extra work" included in Employee's gross wages for any particular pay period. This statement shows that Employee had significant earnings attributable to "overtime or extra work" during the 52-week period prior to the work accident.

pre-reform law is not the same as the word "wages" as used in section 207(3)(B). Employer responded that our prior analysis of this issue followed relevant precedent and controlled the outcome of this case. Following a hearing on both motions, the trial court agreed with Employer and granted its motion, dismissing Employee's petition for additional disability benefits. Employee has appealed.

**Standard of Review**

The interpretation and application of statutes and regulations are questions of law that we review de novo with no presumption that the trial court's conclusions are correct. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). The grant or denial of a motion for summary judgment likewise is a question of law that we review de novo with no presumption that the trial court's conclusions are correct. *See Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015). As such, we "make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied." *Id.* We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2024).

**Analysis**

In her notice of appeal, Employee asserted the trial court erred in concluding she did not qualify for "increased benefits" in circumstances where she was "not receiving 'wages' equal to 100% of the wages she received on the date of her injury." Employee also contended that "the use of the term 'wages' in [section 50-6-207(3)(B)] is not the same as an hourly 'wage' in the singular as determined by previous Courts[,] and [the trial court's order] should be reversed."

However, following the filing of her notice of appeal, Employee failed to file a brief offering any legal argument in support of the statements made in her notice of appeal. Thus, we have no cogent legal argument in support of her position on appeal. As stated by the Tennessee Supreme Court, "[i]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her." *Sneed v. Bd. of Prof'l Responsibility of the Sup. Ct. of Tenn.*, 301 S.W.3d 603, 615 (Tenn. 2010). When an appellant fails to offer substantive arguments on appeal, an appellate court's ability to conduct meaningful appellate review is significantly hampered. *Holmes v. Ellis Watkins d/b/a Watkins Lawn Care*, No. 2017-08-0504, 2018 TN Wrk. Comp. App. Bd. LEXIS 7, at *3-4 (Tenn. Workers' Comp. App. Bd. Feb. 13, 2018). Moreover, "where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived." *Sneed*, 301 S.W.3d at 615. It is not our role to search the record for possible errors or to formulate a party's legal arguments where that

3

party has provided no meaningful argument or authority to support its position. *Cosey v. Jarden Corp.*, No. 2017-01-0053, 2019 TN Wrk. Comp. App. Bd. LEXIS 3, at *8 (Tenn. Workers' Comp. App. Bd. Jan. 15, 2019). As Tennessee appellate courts have explained, were we to search the record for possible errors and raise issues and arguments for Employee, we would be acting as her counsel, which the law prohibits. *See, e.g.*, *Webb v. Sherrell*, No. E2013-02724-COA-R3-CV, 2015 Tenn. App. LEXIS 645, at *5 (Tenn. Ct. App. Aug. 12, 2015).

Consequently, we conclude Employee has waived her argument on appeal. *Moore v. Ingles Markets, Inc.*, No. 2015-02-0193, 2015 TN Wrk. Comp. App. Bd. LEXIS 41, at *3-4 (Tenn. Workers' Comp. App. Bd. Nov. 4, 2015). Thus, we summarily affirm the trial court's order.

### Conclusion

For the foregoing reasons, we affirm the trial court's order and certify it as final. Costs on appeal are taxed to Employee.

4



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Michelle Hudson | ) | Docket No. 2023-02-5326 |
| | ) | |
| v. | ) | State File No. 119524-2019 |
| | ) | |
| Fresenius Medical Care | ) | |
| Holdings, LLC, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Brian K. Addington, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 18th day of March, 2025.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| David Darnell | | | | X | david.darnell@deangreer.com cathy.banks@deangreer.com |
| Brent Moore | | | | X | bmoore@ortalekelley.com ccaruso@ortalekelley.com |
| Brian K. Addington, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |



Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov